Filed 12/3/25  P. v. Reno CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B343770 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA062610-01) |
| v. | |
| RALPH RENO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Appeal dismissed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and  Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review an order denying Ralph Reno's motion for resentencing brought under Penal Code[1] section 1172.1, subdivision (a)(1). Because we find the order is not appealable, we dismiss the appeal.

## BACKGROUND

On October 1, 2014, a jury found appellant guilty of two counts of robbery in violation of section 211 and two counts of false imprisonment by violence in violation of section 236. The jury also found true enhancements for personal use of a weapon (a pellet gun) under section 12022, subdivision (b)(1). Reno waived jury trial on allegations that he had sustained three prior convictions of a serious or violent felony which were also strike convictions under the Three Strikes Law. On May 1, 2015, he admitted all three prior convictions. That same day, the court struck two of the prior felony/strike convictions and imposed a total sentence of 22 years four months in state prison.

On November 18, 2024, Reno filed a request for recall of sentence and resentencing under Assembly Bill No. 600 and Penal Code section 1172.1. On December 6, 2024, the trial court denied the request. In doing so, the trial court held: "AB 600 amended Penal Code section 1172.1, in relevant part, to allow: 'the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law,' recall a sentence. Penal Code section 1172.1, subdivision (c), specifically reads: 'A defendant is

---

[1]     Undesignated statutory references are to the Penal Code.

2

not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond.' [¶] Notwithstanding subdivision (c), the court has reviewed the request, and finds that recall of the sentence herein on its own motion would be inappropriate.  The request to do so is DENIED."  Reno timely appealed.

We appointed counsel to represent Reno on appeal.  On September 23, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*.  Counsel advised us they told Reno he could file his own supplemental brief within 30 days and they sent him transcripts of the record on appeal and a copy of the brief.

## DISCUSSION

I.     **Section 1172.1—the Recall and Resentencing Statute**

Section 1172.1 endows a trial court with authority to recall the sentences of incarcerated defendants and resentence them under certain circumstances.  Like its predecessor provisions, section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' "  (*People v. King* (2022) 77 Cal.App.5th 629, 637–638.)

Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).)  Until recently, the statute also provided

3

that a trial court may recall and resentence "on its own motion" within 120 days of the date of commitment. Effective January 1, 2024, the 120-day provision was expanded. Now a trial court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (*Ibid.*; Assem. Bill No. 600 (2023–2024 Reg. Sess.).) Once a trial court decides to recall and resentence, it may either reduce the sentence by modification or vacate the conviction and impose judgment on "any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleadings." (§ 1172.1, subd. (a)(3).)

Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing. (§ 1172.1, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].) As to a right to appeal, the statute provides: "After ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal." (*Id.*, subd. (d).)

## II. **The Right to Appeal Generally**

The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Criminal defendants are entitled to appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

4

III.  **The Definition of "Substantial Rights"**

Our Supreme Court has not provided "a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)." (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).)  But *Loper* did discuss how to approach formulating a definition.  There, the court addressed the question whether a defendant has the right to appeal a trial court's denial of a request for compassionate release properly made by the Secretary of the Department of Corrections and Rehabilitation under section 1170, former subdivision (e).  That statute is similar to section 1172.1 in that both statutes do not give defendants the right to make a request for relief themselves.  For relief under section 1170, only the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings may make such a request.  (§ 1170, former subd. (e).)

In deciding that the denial of a request for compassionate release affects substantial rights, our Supreme Court in *Loper* noted: "Although the defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary [of the Department of Corrections and Rehabilitation] evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf.  By providing a mechanism for releasing eligible prisoners from custody, section 1170 [former subdivision (e) implicates a prisoner's substantial interest in personal liberty.  Moreover, although section 1170 [former subdivision] (e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170[, former subd.] (e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying

5

the statutory criteria. These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper, supra,* 60 Cal.4th at p. 1161, fn. 3.)

We glean from this footnote that the combination of three factors dictates whether a defendant's substantial rights in personal liberty are implicated: 1) the Legislature sets up a mechanism for releasing eligible prisoners from custody; 2) that mechanism is used to get the issue of release from custody before the trial court; and 3) that mechanism includes a list of eligibility statutory criteria that must then be followed by the trial court in making its ruling, suggesting that the trial court's discretion is not unfettered. We also glean from the extended discussion in *Loper* on standing that whether or not the defendant has the express right to initiate the request for sentencing relief is immaterial to determining whether substantial rights are affected. (See *Loper, supra,* 60 Cal.4th at pp. 1161–1165 [defendant may appeal an adverse decision on a postjudgment motion or petition if it affects substantial rights, even if someone else brought the original motion].) Indeed, we find that it is use of the mechanism set up by the Legislature, coupled with legislatively mandated factors to consider, that are determinative of whether substantial rights are affected by the statute.

Keeping these three factors in mind, we hold that section 1172.1 does not implicate a defendant's substantial rights where, as here, a defendant has personally filed a petition not authorized by statute. It is true that the Legislature created a mechanism for release, satisfying the first of the three criteria set out above. However, that mechanism, authorized for use by only designated entities or persons, was not followed in this case. Section 1172.1,

6

subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The statute also expressly provides that where an *authorized* request for relief is denied, a defendant must be advised of their appellate rights, inferring a right to appeal a properly authorized request. (§ 1172.1, subd. (d).)

Here, Reno filed an unauthorized request for relief to which the trial court was not obligated to respond. Thus, the second criterion—that the authorized mechanism be used to obtain the requested relief—has not been satisfied. This, we emphasize, stands apart from a standing analysis per se.

We also adopt the analysis of our colleagues in Division 2 who concluded that orders denying requests for relief from defendants personally, as opposed to those from authorized third parties, are not appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985.) As Presiding Justice Lui wrote, "[T]he second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendant may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant any right, much less a substantial

7

one." (*Id.* at p. 996.) Under *Hodge*, where a statute expressly relieves the court of any obligation to adjudicate a request for relief filed by defendants personally, it follows that defendants do not have a substantial right in this particular pathway toward resentencing. (*Ibid;* see also *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 (*Faustinos*) [order declining to act on defendant's unauthorized section 1172.1 petition not an appealable order]; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047 [same]; *People v. Roy* (2025) 110 Cal.App.5th 991, 996 [same].)

We add that our analysis does not change where, as here, the trial court issued an order explaining why it was denying the request (instead of ignoring the request, as it was authorized to do). It is the Legislature's mechanism and the use of that mechanism that is paramount in deciding whether substantial rights are affected, not the format of the trial court's order. (*Faustinos, supra*, 109 Cal.App.5th at p. 698 [trial court's statements did not make a nonappealable order appealable, because appealability depends upon the nature of the decision made, not the court's justification for its ruling.].)

We find the order denying Reno's section 1172.1 petition is not an appealable order because Reno did not invoke the procedures mandated by the statute. We therefore do not address the merits of his supplemental brief.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


VIRAMONTES, J.


UZCATEGUI, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.